UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:16-cv-00049 |
| | ) | |
| CULVER CONSTRUCTION, INC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NEW PARIS DEVELOPMENT, LLC'S
ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant, New Paris Development Company, LLC ("New Paris"), by counsel, and for

Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint, alleges and

states as follows:

PARTIES

1.      Design Basics, LLC, is a Nebraska Limited Liability Company with its principal place

of business in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics,

LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets

(including copyrights, trade and service names, trade and service marks, and all causes of action) that

Design Basics, Inc., owned as of that date. Design Basics, LLC, and its predecessor (Design Basics,

Inc.) will hereinafter be referred to as "Design Basics."

**ANSWER:**    New Paris admits that Design Basics, LLC, is a Nebraska Limited Liability

Company with its principal place of business in Omaha, Nebraska.  New Paris is without sufficient

knowledge to admit or deny the remaining allegations in paragraph 1 of Plaintiff's Complaint and

therefore, denies the same.

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 2 of 13

2.      Design Basics is engaged in the business of creating, marketing, publishing and licensing the use of "architectural works" (as that term is defined in the Copyright Act and the Architectural Works Copyright Protection Act of 1990, both codified at 17 U.S.C.§ 101 et seq.) and technical drawings depicting such architectural works.

**ANSWER:**      New Paris states that this paragraph asserts legal conclusions to which no answer is required. New Paris is otherwise without sufficient knowledge to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint and therefore, denies the same.

3.      Defendant Culver Construction is a corporation organized under the laws of the State of Indiana with its principal place of business in Elkhart County, Indiana. Culver Construction may be served through its registered agent, Wesley H. Culver, 2020 Elkhart Road, Goshen, Indiana 46526.

**ANSWER:**      New Paris admits the allegations in paragraph 3 of Plaintiff's Complaint.

4.      Defendant Culver Development is a corporation organized under the laws of the State of Indiana with its principal place of business in Elkhart County, Indiana. Culver Development may be served through its registered agent, Wesley H. Culver, 2020 Elkhart Road, Goshen, Indiana 46526.

**ANSWER:**      New Paris admits the allegations in paragraph 4 of Plaintiff's Complaint.

5.      Defendant Culver Realty is a limited liability company organized under the laws of the State of Indiana with its principal place of business in Elkhart County, Indiana. Culver Realty may be served through its registered agent, Wesley H. Culver, 2020 Elkhart Road, Goshen, Indiana 46526.

**ANSWER:**      New Paris admits the allegations in paragraph 5 of Plaintiff's Complaint.

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 3 of 13

6.      New Paris is a limited liability company organized under the laws of the State of Indiana with its principal place of business in Elkhart County, Indiana. New Paris may be served through its registered agent, Wesley Culver, 2020 Elkhart Road, Suite D, Goshen, Indiana 46526.

**ANSWER:**    New Paris admits the allegations in paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1338 because this action arises under federal copyright law, 17 U.S.C. § 101 et seq.

**ANSWER:**    New Paris admits the allegations in paragraph 7 of Plaintiff's Complaint.

8.      Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants may be found in this District. Furthermore, or in the alternative, venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims at issue occurred in this District; and Defendants reside and do business in this District.

**ANSWER:**    New Paris admits the allegations in paragraph 8 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

9.      Design Basics is a building design firm which creates, market, and license the use of "architectural works" (as that term is defined in the Copyright Act and the Architectural Works Copyright Protection Act of 1990 (the "AWCPA")) and technical drawings depicting architectural works. Design Basics owns copyrights protecting the architectural works and technical drawings it has created.

**ANSWER:**    New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 9 of Plaintiff's Complaint and therefore, denies the same.

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 4 of 13

10.     Design Basics is the author and the owner of all copyrights in the following works, each of which has been registered with the United States Copyright Office:

| Title | Registration Certificate No. |
|---|---|
| Plan No. 2761 – Mayberry | VA 513-792 & 710-606 |

**ANSWER:**     New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 10 of Plaintiff's Complaint and therefore, denies the same.

11.     The foregoing works described in paragraphs 10 above will be referred to collectively as the "Copyrighted Works."

**ANSWER:**     New Paris states that paragraph 11 contains no allegation to which an answer is required.

12.     The Copyrighted Works have been published in various Design Basics plan books and publications. A chart that identifies some of those plan books that published the various Copyrighted Works is attached as Exhibit A. The Copyrighted Works have also been published by Design Basics on the internet at www.designbasics.com.

**ANSWER:**     New Paris admits that Plaintiffs attached a chart labeled Exhibit A to the Complaint. New Paris is otherwise without sufficient knowledge to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint and therefore, denies the same.

13.     Each of the Copyrighted Works constitutes original material that is copyrightable under federal law.

**ANSWER:**     New Paris, upon information and belief, denies the allegations of paragraph 13 of Plaintiff's Complaint.

14.     Design Basics is currently, and at all relevant times has been, the sole owner of all right, title and interest in and to the works described in paragraph 10 above.

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 5 of 13

**ANSWER:** New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 14 of Plaintiff's Complaint and therefore, denies the same.

15. Defendants have been engaged, at least in part, in the business of creating, publishing, distributing and advertising residential home designs through traditional print media, on the internet on sites, and in marketing, advertising, constructing and selling homes built according to such designs.

**ANSWER:** New Paris denies the allegations in paragraph 15 of Plaintiff's Complaint to the extent they relate to New Paris. New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 15 of Plaintiff's Complaint that relate to the other Defendants and therefore, denies the same.

16. Defendants have published, distributed, marketed and advertised certain architectural designs for single family residential homes, each consisting of a floor plan and exterior elevations, that Defendants have identified and marketed under the following model names: Atlanta, Willow, and Wilshire.

**ANSWER:** New Paris denies the allegations in paragraph 16 of Plaintiff's Complaint to the extent they relate to New Paris. New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 16 of Plaintiff's Complaint that relate to the other Defendants and therefore, denies the same.

17. Design Basics' home designs, including the Copyrighted Works, have been marketed for years on a nationwide basis, including in this District, by means of plan books and other publications and also by means of the internet, including many websites.

**ANSWER:** New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 17 of Plaintiff's Complaint and therefore, denies the same.

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 6 of 13

18.     Defendants have been actually aware of Design Basics and the works that Design Basics markets. At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyrighted Works.

**ANSWER:**     New Paris admits that it is currently aware that a company named Design Basics exists, but denies the remaining allegations in paragraph 18 of Plaintiff's Complaint to the extent they relate to New Paris. New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 18 of Plaintiff's Complaint that relate to the other Defendants and therefore, denies the same.

19.     Defendants have violated and continue to violate Design Basics' exclusive rights in each of the Copyrighted Works (including the right to reproduce, the right to prepare derivative works and the right to sell), by copying, publishing, distributing, advertising, marketing, selling and/or constructing in the marketplace, plans, drawings and houses which were copied or otherwise derived from the Copyrighted Works, as detailed by the following examples:

   a.  Defendants' "Atlanta" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 2761 – Mayberry (and any predecessor or derivative thereof).

   b.  Defendants' "Willow" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 2761 - Mayberry (and any predecessor or derivative thereof).

   c.  Defendants' "Wilshire" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 2761 - Mayberry (and any predecessor or derivative thereof).

**ANSWER:**     New Paris denies the allegations in paragraph 19 of Plaintiff's Complaint to the extent they relate to New Paris. New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 19 of Plaintiff's Complaint that relate to the other Defendants and therefore, denies the same.

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 7 of 13

CAUSE OF ACTION
COPYRIGHT INFRINGEMENT

20.      Design Basics complains of Defendants for copyright infringement and incorporates paragraphs 1 through 19 above by reference.

**ANSWER:**     New Paris incorporates its responses and answers to paragraphs 1 through 19 above by reference, as if set forth completely herein.

21.      Defendants' construction and sale of houses, and creation of associated design and construction drawings based on Design Basics' Copyrighted Works has infringed and continues to infringe Design Basics' copyrights in the Copyrighted Works.

**ANSWER:**     New Paris denies the allegations in paragraph 21 of Plaintiff's Complaint to the extent they relate to New Paris. New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 21 of Plaintiff's Complaint that relate to the other Defendants and therefore, denies the same.

22.      Defendants' creation and publication of non-pictorial representations based on Design Basics' Copyrighted Works has infringed and is infringing Design Basics' copyrights in the Copyrighted Works.

**ANSWER:**     New Paris denies the allegations in paragraph 22 of Plaintiff's Complaint to the extent they relate to New Paris. New Paris is without sufficient knowledge to admit or deny the allegations in paragraph 22 of Plaintiff's Complaint that relate to the other Defendants and therefore, denies the same.

23.      Design Basics is entitled to recover the actual damages it suffered as a result of the foregoing infringement, and all of Defendants' profits from such infringement, pursuant to 17 U.S.C. § 504(b).

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 8 of 13

**ANSWER:**     New Paris denies the allegations in paragraph 23 of Plaintiff's Complaint.

24.     In the alternative to the actual damages and infringer profits sought above, Design Basics is entitled to an award of statutory damages for all infringements of Design Basics' Copyrighted Works, as permitted by 17 U.S.C. § 504(c).

**ANSWER:**     New Paris denies the allegations in paragraph 24 of Plaintiff's Complaint.

25.     Pursuant to 17 U.S.C. § 505, Defendants are liable for Design Basics' costs and reasonable attorneys' fees incurred in this action.

**ANSWER:**     New Paris denies the allegations in paragraph 25 of Plaintiff's Complaint.

26.     In addition, Design Basics is entitled to preliminary and permanent injunctions pursuant to 17 U.S.C. § 502 prohibiting Defendants from further infringement of Design Basics' copyrights, including but not limited to the further use of infringing plans, creation or use of derivative plans, and construction, sale or rental of infringing structures.

**ANSWER:**     New Paris denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.     Furthermore, this Court should issue an order pursuant to 17. U.S.C. § 503 directing the United States Marshal's Service to (a) impound all copies of the Copyrighted Works, in possession of Defendants or their agents or contractors in violation of Design Basics' exclusive rights, and (b) upon final hearing of this case, to destroy or otherwise dispose of those copies..

**ANSWER:**     New Paris denies the allegations in paragraph 27 of Plaintiff's Complaint.

CONDITIONS PRECEDENT

28.     With respect to all counts, Design Basics generally aver that all conditions precedent to their rights of recovery have occurred or been performed, or have been waived or excused by Defendants.

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 9 of 13

**ANSWER:** New Paris denies the allegations in paragraph 28 of Plaintiff's Complaint.

## JURY DEMAND

29. Pursuant to Federal Rule of Civil Procedure 38, Design Basics respectfully demands a trial by jury of all issues so triable.

**ANSWER:** New Paris states that paragraph 29 does not state any allegation to which an answer is required.

WHEREFORE, New Paris, by counsel, respectfully request that the Court enter judgment in their favor, that they be awarded attorneys' fees and costs in relation to this action, that Plaintiff take nothing, and for all other relief just and proper in the premises.

## AFFIRMATIVE DEFENSES

Defendant, New Paris Development, LLC, by counsel, for its Affirmative Defenses to the Plaintiff's Complaint, expressly reserves the right to amend or add any additional Affirmative Defenses as they become known throughout the course of litigation as permitted under the Federal Rules of Civil Procedure and state as follows:

1. Plaintiff has failed to mitigate any of the damages it allegedly suffered.

2. Plaintiff's claims are barred by the statute of limitations to the extent the alleged acts first occurred more than three years prior to the filing date of the Complaint, or, alternatively, to the extent those alleged acts were or should have been discovered more than three years prior to the filing date of the Complaint.

3. Plaintiff's claims are barred by the doctrine of laches due to the lapse of time between Plaintiff's awareness of the alleged infringing acts and the initiation of the present action.

4. Plaintiff's supposed Copyrighted Works are invalid as Plaintiff failed to comply with one or more relevant requirements of registration.

*Design Basis, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 10 of 13

5.     Plaintiff is not the valid or current owner of any of the supposed Copyrighted Works.

6.     Plaintiff's claims are barred for failure to join an indispensable party that may have a claim or right to the supposed copyrighted works.

7.     If there was any use of the supposed Copyrighted Works it was a fair use.

8.     Plaintiff's claims are barred by the doctrine of unclean hands, including but not limited to unclean hands in the obtainment of the supposed Copyrighted Works and unclean hands in Plaintiff's conduct related to the supposed Copyrighted Works, including, by way of example, the deliberate unsolicited dissemination of design books into the hands of builders, realtors, architects, and other industry participants, for the sole purpose of fabricating supposed "access" to the supposed Copyrighted Works.

9.     Plaintiff is estopped from bringing the present cause of action, including but not limited to estoppel as a result of the means Plaintiff obtained the supposed Copyrighted Works and Plaintiff's conduct related to the supposed Copyrighted Works, including, by way of example, the deliberate unsolicited dissemination of design books into the hands of builders, realtors, architects, and other industry participants, for the sole purpose of fabricating supposed "access" to the supposed Copyrighted Works.

10.    Plaintiff has not pled and cannot demonstrate irreparable harm.

11.    Each of the accused designs, and the houses built according to those designs constitutes a work of independent creation by a party other than Plaintiff.

12.    Plaintiff's claims are barred based upon the doctrine of merger including, but not limited to, merger of the alleged expression and the idea behind the expression such that granting protection for the idea behind the expression would give a monopoly over the idea.

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 11 of 13

13.     Plaintiff's claims are barred based upon the doctrine of scenes a faire and/or the supposed Copyrighted Works are comprised of standard configurations of spaces and elements that are functionally required.

14.     Some or all of Plaintiff's claims may be limited and/or barred as a result of Plaintiff's spoliation of evidence resulting from the destruction of evidence as found to have occurred in *Design Basics, LLC v. Marhoffer,* No. 12-14894 (E.D. Mich. June 15, 2015) with knowledge that litigation is imminent as a company that, at least in part, is in the business of regularly filing copyright infringement claims.

15.     If there was any use of Plaintiff's works by New Paris, such use was *de minimus*.

16.     Plaintiff waived, abandoned, or released any claims of infringement and/or acquiesced to any alleged use of the Copyrighted Works including, but not limited to, waiver, abandonment, release, and acquiescence associated with Plaintiff's failure to identify prior related works or acknowledge elements found in the public domain at the time of obtaining the supposed Copyrighted Work.

17.     Plaintiff's claims are barred based upon the doctrine of copyright misuse.

18.     Plaintiff's claims are barred to the extent that the supposed Copyrighted Works or allegedly infringing designs were created prior to the effective date of the Architectural Works Copyright Protection Act of 1990.

19.     Plaintiff's claims are barred or limited based upon the timing of registrations of the supposed Copyrighted Works, specifically including, but not limited to, Plaintiff's claims for attorney fees or statutory damages under 17 U.S.C. § 412.

20.     Plaintiff's claims are barred by the doctrine of copyright exhaustion as applied to each of the asserted supposed Copyrighted Works.

*Design Basis, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 12 of 13

21.     New Paris's Fifth Amendment right to Due Process bars Plaintiff's claims for

statutory damages to the extent that they are far in excess of actual damages.

WHEREFORE, Defendant, New Paris Development, LLC, by counsel, respectfully request

that the Court enter judgment in its favor, that it be awarded attorneys' fees and costs in relation to

this action, that Plaintiff take nothing, and for all other relief just and proper in the premises.

> YODER, AINLAY, ULMER & BUCKINGHAM, LLP
> Attorneys for Defendant, New Paris Development, LLC
>
> By: s/ Steven J. Olsen
> Steven J. Olsen #29415-20
> Michael F. DeBoni #12434-20
> 130 N. Main Street, P.O. Box 575
> Goshen, Indiana 46527-0575
> Telephone:  (574) 533-1171
> Email:  solsen@yaub.com
>         mdeboni@yaub.com

*Design Basics, LLC v. New Paris Development, LLC, et al.*
Case No. 1:16-CV-00049
Defendant New Paris Development, LLC's Answer to Plaintiff's Original Complaint
Page 13 of 13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 27, 2016, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the

following:

John D. LaDue
Sean Joseph Quinn
LaDue Curran & Kuehn LLC
200 First Bank Building
205 W Jefferson Blvd
South Bend, IN 46601
Phone: 574-968-0760
Fax: 574-968-0761
Email:  jladue@lck-law.com
        squinn@lck-law.com

Jeremy N. Gayed, #27551-35
William A. Ramsey, #26547-53
Jerod A. Adler, #31201-53
Barrett McNagny LLP
215 East Berry Street, P.O. Box 2263
Fort Wayne, IN 46801-2263
Phone: (260) 423-9551
Fax: (260) 423-8920
E-Mail: jng@barrettlaw.com
        war@barrettlaw.com
        jaa@barrettlaw.com

s/Steven J. Olsen
Steven J. Olsen #29415-20