**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:16-CV-00049-JBC-SLC |
| | ) | |
| CULVER CONSTRUCTION, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**I.     STATEMENT OF THE ISSUES**

In addressing Defendants' Motion for Partial Judgment on the Pleadings, this Court is presented with one straightforward issue:

- The United States Supreme Court has stated that Copyright infringement is actionable within three years, and only three years, of its occurrence. The Seventh Circuit recognizes that the appropriate question is: did the alleged infringing acts occur within three years of the complaint filing date. Here, Plaintiff seeks recovery for acts that occurred more than three years from the filing date. Is the Plaintiff precluded from pursuing allegations for acts that occurred more than three years from the filing date?

**II.    NATURE OF CASE**

This is an action for injunctive relief and damages, arising under federal copyright law, 17 U.S.C. § 101 *et seq.* filed by Design Basics, LLC ("Plaintiff") against Culver Construction, Inc., Culver Development Corporation, Wes Culver Realty, LLC, and New Paris Development Company, LLC (collectively, "Defendants"). Plaintiff generally alleges that Defendants have violated and continue to violate Plaintiff's rights to certain copyrighted architectural works owned by Plaintiff.

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 2 of 13

### III.   PARTIES

The Plaintiff is Design Basics, LLC, a Nebraska Limited Liability Company with its principal place of business in Omaha, Nebraska.   Defendants include Culver Construction, Inc., a corporation organized under the laws of the State of Indiana with its principal place of business in Elkhart County, Indiana; Culver Development Corporation, a corporation organized under the laws of the State of Indiana with its principal place of business in Elkhart County, Indiana; Wes Culver Realty, LLC, a limited liability company organized under the laws of the State of Indiana with its principal place of business in Elkhart County, Indiana; and New Paris Development Company, LLC, a limited liability company organizded under the laws of the State of Indiana with its principal place of business in Elkhart County, Indiana.

### IV.   STATUS OF CASE

The Plaintiff's Complaint was filed on February 3, 2016.[1]   Defendants' Answers and Affirmative Defenses were filed on May 27, 2016.[2]   No trial date has been set by the Court.   There are no currently pending motions.

### V.   PLEADINGS

#### A.   Plaintiff's Complaint

Design Basics is a serial copyright plaintiff that has spent much of the last ten years accusing dozens of builders in multiple states of infringing its alleged portfolio of architectural designs.   In 2016 alone, Plaintiff filed twenty-five copyright infringement cases in this District and five cases in the Southern District of Indiana (four of which are still pending).

---

[1] Dkt. 1.
[2] Dkt. No.s 22, 23, 24, & 25.

2

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 3 of 13

These cases are pled according to a formulaic complaint, which varies from case to case generally only in the identity of the defendant, names of the asserted plans, and names of the allegedly infringing works. Central to these complaints is the allegation that one or more of a defendant's plans infringe on one or more of Plaintiff's copyrights, and that all publications and all builds of houses according to that plan or similar plans are infringing acts within the scope of the dispute. In many cases, Plaintiff's complaints seek to implicate years, or even decades, of conduct.

The Complaint in this case is no exception. Plaintiff alleges that Defendants' plans titled the Atlanta, Willow, and Wilshire (and any predecessors, copies or derivatives of that model under the same name or a different name) infringe the Plaintiff's Plan No. 2761.[3]

Plaintiff makes claims against Defendants implicating conduct arising both before and after February 3, 2013, the date three years before Plaintiff filed its Complaint in this matter ("Look Back Date"). However, as set forth in more detail below, the Copyright Act statute of limitations,[4] in light of its recent interpretative case law, should be interpreted and applied to prohibit Plaintiff from pursuing any conduct occurring prior the the Look Back Date, regardless of when it was discovered. This Court should enter partial judgment on the pleadings, holding that only conduct occurring on or after the Look Back Date is, or can be, at issue in this case.

B.    **Defendants' Answers**

In their Answers and Affirmative Defenses, Defendants generally denied that the actions of the Defendants violated any of Plaintiff's rights. Additionally, Defendants raised certain affirmative defenses, including the following affirmative defense which is relevant to this motion:

1.  Plaintiff's claims are barred by the statute of limitations to the extent the alleged acts first occurred more than three years prior to the filing date of the Complaint . . . .

---

[3] Dkt. 1, at ¶¶ 10, 19.
[4] 17 U.S.C. § 507(b)

3

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 4 of 13

(Answers and Affirmative Defenses of Defendants.[5])

## VI.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.[6]    Rule 12(c) allows a party to file a motion for judgment on a party's pleading that cannot prove any facts to support a claim upon which relief can be granted.[7] Under a motion for judgment on the pleadings, the Court should view the facts in light most favorable to the nonmoving party and grant the motion when it appears beyond doubt that the Plaintiff cannot prove facts to support the alleged claim for relief.[8]    In making this decision, the Court "need not ignore facts set forth in the complaint that undermine the plaintiff's claim or give weight to unsupported conclusions of law."[9]

## VII.    ARGUMENT

### A.    The Supreme Court Has Clarified that Copyright Claims are Subject to a Three-Year Look-Back.

The Copyright Act's statute of limitations for civil infringement actions states:  "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."[10]    This statute has been recently interpreted by *Petrella v. Metro-*

---

[5] Dkt. Nos. 22, 23, 24, & 25, Affirmative Defense ¶ 2.
[6] Fed. R. Civ. P. 12(c).
[7] Fed. R. Civ. P. 12(h)(2); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006).
[8] *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).
[9] *Id.*
[10] 17 U.S.C. § 507(b).

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 5 of 13

*Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962 (2014),[11] in which the Supreme Court demonstrated unequivocally that § 507(b) establishes a strict three-year look-back period for copyright claims.[12]

In *Petrella,* the Supreme Court addressed whether laches could apply to bar claims that accrued within the three-year period identified in the Copyright Act's statute of limitations, 17 U.S.C. § 507(b).  At the outset, the Court unequivocally stated:  "Section 507(b), it is undisputed, bars relief of any kind for conduct occurring prior to the three-year limitations period."[13]  The Court also clarified that copyrights claims accrue for limitations purposes "when an infringing act occurs. . . ."[14]  The Court validated that the "separate-accrual rule attends the copyright statute of limitations . . . [such that] when a defendant commits successive  violations, the statute of limitations runs separately from each violation."[15] Thus, subject to the separate-accrual rule, "each infringing act starts a new limitations period . . . [and] an infringement is actionable within three years, and only three years, of its occurrence."[16]

*Petrella* involved a claim that was limited on its face to conduct occurring within three years of the date of filing of the complaint.[17]   Although *Petrella* did not discuss the "discovery rule" of accrual in detail, the Court confirmed that "an infringement is actionable within three years, and only three years, of its occurrence."[18]  Defendants anticipate that Plaintiff will argue that *Petrella* does not

---

[11] *Petrella v. Metro-Goldwyn Mayer,* 134 S.Ct. 1962, 1977–1978 (2014)(identifying an architectural work design case and interpreting § 507(b) as a three-year look-back period from the date of the complaint).
[12] *Id.* at 1968–70 ("[Section] 507(b)'s limitations period . . . allows plaintiffs . . . to gain retrospective relief running only three years back from the date the complaint was filed.")
[13] *Id.* at 1967.
[14] *Id.* at 1969.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 1970–71.
[18] *Id.* at 1969.

5

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 6 of 13

foreclose the application of the "discovery" rule in this matter.[19]  But the plain language of *Petrella*

should lead this Court to reject such a position.

> **B.    The Discovery Rule Does Not Apply to § 507(b).**

> **1.    Application of the Discovery Rule to Extend the Look-Back Period is Inconsistent with Petrella**

Although Plaintiff may suggest that the discovery rule of accrual to § 507(b) is arguably not

expressly addressed by *Petrella*, the language of *Petrella* and of subsequent Seventh Circuit cases

strongly suggests that the discovery rule should not, and, in fact, does not apply to copyright claims.

First, application of the discovery rule is inconsistent with *Petrella's* teaching on the statute of

limitations.  As noted above, the Court in *Petrella* stated plainly that "an infringement is actionable

within three years, and only three years, of its occurrence."[20]  Later, the *Petrella* Court (explaining the

non-applicability of laches within the three-year look back period) commented that "§ 507(b), makes

***the starting trigger an infringing act*** committed three years back from the commencement of

suit, while laches, as conceived by the Ninth Circuit and advanced by MGM, makes the presumptive

trigger the defendant's *initial* infringing act."[21]  In discussing the practical effect of the three-year

look-back period, the Court noted:  "Section 507(b)'s three-year limitations period, however,

coupled to the separate-accrual rule . . . allows a copyright owner to defer suit until she can estimate

whether litigation is worth the candle.  ***She will miss out on damages for periods prior to the***

***three-year look-back,*** but her right to prospective injunctive relief should, in most cases, remain

unaltered."[22] The Court, for good measure, emphasized:

---

[19] In reaching its holding, the Court stated that it was not passing on the issue of applying an "incident or injury" rule in lieu of the "discovery" rule applied historically by a number of circuit courts.  *Id.* at 1969 n.4.
[20] *Id.* at 1969.
[21] *Id.* at 1975 (emphasis added).
[22] *Id.* at 1976 (emphasis added).

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 7 of 13

> Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), but untimely with respect to prior acts of the same or similar kind.[23]

The Supreme Court's repeated emphasis on the starkness of the three-year look-back period, as attended by the separate accrual rule, is logically incompatible with the idea of a discovery rule of accrual. Section 507(b), as explained in *Petrella,* exists to bring certainty by extinguishing a copyright claim three years from the date of the infringing act. The date on which a putative plaintiff discovers the infringing act is irrelevant—if the act is within three years of the filing date, it is actionable, if older than three years, it is not.[24] This is the only application of § 507(b) consistent with the Court's directives in *Petrella* and with the statutory language of § 507(b).

To apply the "discovery rule" of accrual would destroy the certainty that is the core purpose of § 507(b). Application of the "discovery rule" would allow Plaintiff to—as it has here—pursue conduct stretching back multiple **decades** based on the contention that it merely learned about the infringement within the last three years. This contention cannot be squared with *Petrella's* unequivocal interpretation of § 507(b) as establishing a strict three-year look-back.

        2.        <u>Even if Petrella's Language Regarding the Discovery Rule is Dicta, the Court's Language is Clear.</u>

Defendants anticipate that Plaintiff will argue that the *Petrella* Court was not squarely addressing the question of whether a discovery rule applies to copyright infringement claims and that, therefore, *Petrella's* statements regarding the occurrence or act of infringement are dicta. But courts are not free to simply disregard statements or guidelines of the Supreme Court merely

---

[23] *Id.* at 1970.
[24] *Id.* at 1969–70.

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 8 of 13

because the statements may be dicta.[25]   The Seventh Circuit has expressly recognized that courts

"must treat with great respect the prior pronouncements of the Supreme Court, even if those

pronouncements are technically dicta."[26]

> If lower courts felt free to limit Supreme Court opinions precisely to the facts of
> each case, then our system of jurisprudence would be in shambles, with litigants,
> lawyers, and legislatures left to grope aimlessly for some semblance of reliable
> guidance.[27]

The Supreme Court's language—dicta or not—is not ambiguous.  This Court should apply

the Supreme Court's language in *Petrella* and find the discovery rule does not apply to the statute of

limitations for copyright claims.

 3. The Seventh Circuit has Recognized *Petrella's* Likely Abrogation of the Discovery Rule.

Prior to *Petrella,* the Seventh Circuit applied the discovery rule of accrual to copyright cases.[28]

Since *Petrella,* however, the Seventh Circuit has declined to apply the discovery rule in copyright

infringement cases, and has expressly recognized that *Petrella* likely abrogated the application of that

rule to § 507(b).[29]

In *Chicago Building*, decided shortly after *Petrella*, the Seventh Circuit faced an appeal in which

the parties framed the issue as "the proper application of the discovery rule."[30]  The Seventh Circuit

recognized that *Petrella* had changed the legal landscape, and that the question of when the plaintiff

discovered the infringing works was the wrong question to ask:  "in light of *Petrella*, we now know

---

[25] *See McCoy v. Mass. Inst. Of Tech.*, 950 F.2d 13, 19 (1st Cir. 1991) ("We think that federal appellate courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings, particularly when as here, a dictum is of recent vintage and not enfeebled by any subsequent statement."); *Nichol v. Pullman Standard, Inc.*,  889 F.2d 115, 120 n.8 (7th Cir. 1989) ("This Court should respect considered Supreme Court dicta.").

[26] *McBride v. CSX Transp., Inc.*, 598 F.3d 388, 405 (7th Cir. 2010).

[27] *McCoy*, 950 F.2d at 19.

[28] *See*, e.g., *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004).

[29] *See*, e.g., *Chicago Building Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610 (7th Cir. 2014).

[30] *Id.* at 614.

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 9 of 13

that the right question to ask in copyright cases is whether the complain contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed."[31]

> As to the discovery rule, the Court concluded:
>
> A final word on the statute-of-limitations:  If on remand CBD continues to claim a right to recover for infringing acts that occurred in 2008, outside the three-year look-back period, the parties will need to address whether *Petrella* abrogates the discovery rule in copyright cases.  We express no opinion on that question today.  The parties have not briefed it . . . .[32]

Earlier this year, the Seventh Circuit again addressed § 507(b) and *Petrella* in *Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 819 F.3d 992 (7th Cir. 2016), *petition for cert. pending*. The central dispute in *Consumer Health* was over copyright ownership, not infringement.[33]    The plaintiff in *Consumer Health,* citing *Petrella,* urged application of the "separate accrual rule" so that at least a portion of its claims would be timely.[34]

The Seventh Circuit began its analysis by affirming that under *Petrella,* a copyright claim "'accrue[s] ***at the time the wrong occurs.'"[35]***  The Court also observed that "any infringing act ***within the three-year look-back period from the date of the complaint*** can form the basis of an infringement claim."[36]

Rather than apply *Petrella* directly, the Seventh Circuit carefully distinguished the dispute as involving copyright **ownership,** and not copyright **infringement**—with *Petrella* applying only to the latter.[37]   Only after carefully establishing that *Petrella* did not apply—and, in fact, ***because*** of its

---

[31] *Id.* at 616.
[32] *Id.* at 618.
[33] *Consumer Health*, 819 F.3d at 996.
[34] *Id.*
[35] *Id.* (quoting *Petrella*, 134 S.Ct. at 1969) (emphasis added).
[36] *Id.*
[37] *Id.* at 996–97.

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 10 of 13

finding that *Petrella* did not apply—did the Seventh Circuit choose to apply a discovery rule to the question of copyright ownership.

The Seventh Circuit has not applied the discovery rule to any case where copyright infringement is the central disputed claim since *Petrella*. In *Chicago Building*, the Court desired further briefing on the issue of why *Petrella* abrogated the discovery rule.[38] And, in *Consumer Health*, the Seventh Circuit took pains to explain how the dispute was outside of the ambit of *Petrella* before applying a discovery rule to the limitations issue.[39]

The opinions of district courts in other circuits examining the statute of limitations post-*Petrella* should not be considered by this Court because they operate under the umbrella of a Circuit Court that has not expressly recognized *Petrella's* effect on the previously-applied discovery rule. The Seventh Circuit expressly noted—*sua sponte*—that the discovery rule may not apply after *Petrella*. No circuit court appears to have applied the discovery rule to a copyright infringement case following the Supreme Court's decision in *Petrella*.

The Supreme Court has spoken on the issue. The Seventh Circuit has recognized the Supreme Court's proclamation. The question, therefore, is not what this Circuit—or any Circuit—did before *Petrella*, but what this Court should do based on the language in *Petrella*. The Seventh Circuit has stated, by quoting *Petrella* in *Chicago Building,* that "the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed."[40] This Court should recognize the Supreme Court's language relied upon by the Seventh Circuit and conclude that the discovery rule no longer applies to cases where copyright infringement is the central disputed claim.

---

[38] *See Chicago Building*, 770 F.3d at 618.
[39] *See Consumer Health*, 819 F.3d at 996–97.
[40] *Chicago Building,* 770 F.3d at 616.

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 11 of 13

### C.      Plaintiff's Claims are Limited in Time

Based on the clear language of *Petrella*, this Court should find that Plaintiff's claims, any potential damages, and any alleged actionable conduct in this lawsuit are limited to conduct occurring after February 3, 2013, the Look-Back Date, as Defendants are "insulated from [any alleged] liability for earlier infringements. . . ."[41]  The Court should, accordingly, issue partial judgment on the pleadings in Defendants' favor on all alleged acts of infringement occurring prior to February 3, 2013.

## VIII.   CONCLUSION

Judgment on the pleadings is appropriate, pursuant to Federal Rule of Civil Procedure 12(c), where it is clear from the face of the complaint that, under no circumstances, could relief be granted.

Section 507(b) establishes a strict three-year look-back period such that "an infringement is actionable within three years, and only three years, of its occurrence."[42]  This Court should follow the Supreme Court's express and purposeful language, and grant partial judgment on the pleadings in favor of Defendants for all allegedly infringing conduct occurring on or before February 3, 2013.

---

[41]      *Petrella*, 134 S.Ct. at 1969.
[42]      *Id.*

11

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 12 of 13

Respectfully submitted,

YODER, AINLAY, ULMER & BUCKINGHAM, LLP

By: _/s/_ Steven J. Olsen_____
Steven J. Olsen #29415-20
Michael F. DeBoni #12434-20
130 N. Main Street, P.O. Box 575
Goshen, Indiana 46527-0575
Telephone:  (574) 533-1171
Fax: (574) 534-4174
Email:  solsen@yaub.com
         mdeboni@yaub.com
*Attorneys for Defendants, Culver Construction, Inc., Culver Development Corporation, New Paris Development Company, LLC, and Wes Culver Realty, LLC*

BARRETT McNAGNY LLP

By: _/s/ Jerold A. Adler_____
Jeremy N. Gayed, #27551-35
William A. Ramsey, #26547-53
Jerod A. Adler, #31201-53
215 East Berry Street, P.O. Box 2263
Fort Wayne, IN 46801-2263
Phone: (260) 423-9551
Fax: (260) 423-8920
E-Mail: jng@barrettlaw.com
         war@barrettlaw.com
         jaa@barrettlaw.com

*Attorneys for Defendants, Culver Construction, Inc. and Culver Development Corporation*

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion for Partial Judgment on the Pleadings
Page 13 of 13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John D. LaDue
Sean Joseph Quinn
LaDue Curran & Kuehn LLC
200 First Bank Building
205 W Jefferson Blvd
South Bend, IN 46601

_____/s/ Steven J. Olsen_____
Steven J. Olsen #29415-20