**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:16-CV-00049-JBC-SLC |
| | ) | |
| CULVER CONSTRUCTION, INC., *et al.* | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING DETERMINATION
OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**I.      INTRODUCTION AND BACKGROUND FACTS**

On August 29, 2016, a case management conference was held in this matter. At that conference, counsel for Defendants indicated that Defendants anticipated filing an dispositive motion limited to the application of the copyright statute of limitations to this matter.

Defendants have filed such a motion in this case contemporaneously herewith. If Defendants' motion is granted, Plaintiff's claims in this case will be limited to a three-year look-back from the date of filing of the Complaint. That is, Plaintiff's claims will be limited to the period from February 3, 2013 to the present ("look-back period"). Plaintiff has accused three of Defendants' plans of infringement, however, no allegedly infringing structure relating to any of those plans appears to have been built by any of the Defendants during the look-back period.

Plaintiff served interrogatories and requests for the production of documents on Defendants dated September 9, 2016. The scope of Defendants' responses to Plaintiff's discovery requests will depend greatly on whether Defendants' Motion for Partial Judgment on the Pleadings relating to interpretation and application of the copyright statute of limitations is granted. If Defendants'

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion to Stay Discovery Pending Determination of Motion for Partial Judgment on the Pleadings
Page 2 of 4

motion is granted, Defendants' responses to many of Plaintiff's discovery requests will be limited to the look-back period, and thus to the alleged publication of three plans, but will not include the building of any allegedly infringing structure related to any of those plans. Otherwise, as separately detailed in Defendants' Motion for Partial Judgment on the Pleadings, Defendants' responses could relate back to 1989.

## II.   ARGUMENT

Federal Rules of Civil Procedure 26(c) and (d) authorize a court, within extremely broad boundaries of discretion, to limit the scope and sequence of discovery.[1] The Court should use this discretion "to ensure that technically proper discovery does not impose oppression or undue burden or expense."[2] This concern is especially significant in cases where, as this one, discovery could potentially "quickly become enormously expensive and burdensome to [D]efendants."[3] Stays of discovery are frequently granted in complex cases, where a stay will serve the goals of minimizing the possibility of avoiding burdensome and ultimately unnecessary discovery.[4]

Often, such as in the cases cited above, a request to stay discovery is made in the context of a motion to dismiss. Disposition of Defendants' Motion for Partial Judgment on the Pleadings will not dispose of this entire case, but it will decide whether the scope of this case is a mere three years, or whether it encompasses a significantly greater time period—thus primarily determining the scope, size, and burden of discovery.

---

[1] *See Nextsar Broadcasting, Inc. v. Granite Broadcasting Corp.*, 2011 WL4345432, *2 (N.D. Ind. Sept. 15, 2011).
[2] *Id.*
[3] *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct.28, 2008).
[4] *See, e.g., Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358, at *4–5 (N.D. Ill. May 21, 2009); *Bodnar v. John Hancock Funds, Inc .*, No. 2:06 cv 87, 2007 WL 1577914, at *3 (N.D. Ind. May 30, 2007); *Bilal v. Wolf,* No. 06 C 6978, 2007 WL 1687253, at *1–2 (N.D. Ill. June 6, 2007).

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion to Stay Discovery Pending Determination of Motion for Partial Judgment on the Pleadings
Page 3 of 4

Although Defendants' Motion for Partial Judgment on the Pleadings is not dispositive of the entire case, it sets the stage for a anticipated motion for summary judgment that could be dispositive of the entire case and it significantly reduces the relevant time period for discovering alleged infringements.  Defendants' Motion to Stay will enable the parties to avoid the possibility of having to engage, needlessly, in the enormously burdensome task of responding to discovery requests that stretch back far beyond the three-year look-back period.  Achieving this kind of efficiency and prudence is consistent with the Courts' reasoning behind granting stays in the cases referenced above.

Further, the requested stay of discovery will avoid otherwise likely discovery conflicts and motion practice between the parties.  Absent a stay, Defendants will contend that it is only obligated to give responses and production consistent with the look-back period.  Plaintiff has already signaled an intention to oppose this position.  Absent a stay, the Court will likely be required to determine the scope of Defendants' production obligations in the context of a motion to compel.  A stay of discovery pending determination of Defendants' Motion for Partial Judgment on the Pleadings will thus preserve not only the time and effort of the parties, but also of the Court.

Respectfully submitted,

YODER, AINLAY, ULMER & BUCKINGHAM, LLP

By: __/s/  Steven J. Olsen_____
Steven J. Olsen #29415-20
Michael F. DeBoni #12434-20
130 N. Main Street, P.O. Box 575
Goshen, Indiana 46527-0575
Telephone:  (574) 533-1171
Fax: (574) 534-4174
Email:  solsen@yaub.com
            mdeboni@yaub.com

*Design Basics, LLC v. Culver Construction, Inc., et al.*
Case No. 1:16-CV-00049
Defendants' Brief in Support of Motion to Stay Discovery Pending Determination of Motion for Partial Judgment on the Pleadings
Page 4 of 4

*Attorneys for Defendants, Culver Construction, Inc., Culver Development Corporation, New Paris Development Company, LLC, and Wes Culver Realty, LLC*

BARRETT McNAGNY LLP

By:  /s/ Jerod A. Adler
Jeremy N. Gayed, #27551-35
William A. Ramsey, #26547-53
Jerod A. Adler, #31201-53
215 East Berry Street, P.O. Box 2263
Fort Wayne, IN 46801-2263
Phone: (260) 423-9551
Fax: (260) 423-8920
E-Mail: jng@barrettlaw.com
         war@barrettlaw.com
         jaa@barrettlaw.com

*Attorneys for Defendants, Culver Construction, Inc. and Culver Development Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 31, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John D. LaDue
Sean Joseph Quinn
LaDue Curran & Kuehn LLC
200 First Bank Building
205 W Jefferson Blvd
South Bend, IN 46601

      /s/ Steven J. Olsen
Steven J. Olsen #29415-20

4