IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No.: 1:16-cv-00049-JVB-SLC |
| | § | |
| vs. | § | **JURY DEMANDED** |
| | § | |
| CULVER CONSTRUCTION, INC.; | § | |
| CULVER DEVELOPMENT | § | |
| CORPORATION; WES CULVER | § | |
| REALTY, LLC; and NEW PARIS | § | |
| DEVELOPMENT COMPANY, LLC, | § | |
| | § | |
| Defendants. | § | |

**Plaintiff Design Basics, LLC's
Response Opposing Defendants' Motion to Stay Discovery**

## Introduction

Without citing to any relevant authority, Defendants ask this Court to stay discovery while the Court considers their motion for partial judgment on the pleadings. Defendants concede that their motion will not dispose of all of Design Basics's claims. Yet they nevertheless seek to bring this case to a screeching halt while this Court decides an issue relevant to only a portion of the case.

Design Basics believes that Defendants' motion for judgment on the pleadings is without merit and will address why in later briefing. For purposes of Defendants' motion to stay discovery, however, it's enough to point out that a stay is not warranted even if Defendants' motion were a winner. Because Defendants' motion will not dispose of all of Design Basics's claims or otherwise significantly limit the scope of

discovery, granting Defendants a stay would only serve to delay the proceedings. Accordingly, the motion to stay should be denied.

### A.    Defendants must show good cause to stay discovery.

Because the right to discovery is enshrined in the Federal Rules, the party seeking a stay of discovery must demonstrate "good cause" for such a stay. *EEOC v. Fair Oaks Dairy Farms, LLC*, 2:11 cv 265, 2012 U.S. Dist. LEXIS 107613, at *4 (N.D. Ind. Aug. 1, 2012). Notably, "good cause" is not synonymous with filing a motion for partial judgment on the pleadings; a stay of discovery "will not be granted every time a potentially dispositive issue is placed before the court." *Builders Assoc. of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). Rather, "good cause" hinges on whether a stay will expedite the litigation or delay it. "Where the court finds interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere." *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exchange*, No. 99 C 3223, 1999 U.S. Dist. LEXIS 14305, *2–3 (N.D. Ill. Aug. 30, 1999).

Courts have found good cause lacking where the reason for the stay, whether it be a motion to dismiss or a motion for summary judgment, will not dispose of the case. *See, e.g., Red Barn Motors, Inc. v. Cox Enter., Inc.*, No. 1:14-cv-1589-TWP-DKL, 2016 U.S. Dist. LEXIS 57876, at *6 (S.D. Ind. May 2, 2016) (denying a motion to stay discovery where a motion to dismiss may not dispose of the case and, "[a]s a result, discovery would not necessarily be wasteful and staying discovery would only build in unnecessary delay in resolving this case"). In addition, to show good cause for a

stay, a party may not rely only on "unsupported statements of counsel in briefs," but must offer "affidavits or other evidence supporting a party's assertions of burden." *Id.*

### B.    Defendants have not shown good cause for delaying discovery.

Defendants have not supported any of their assertions of burden in their motion with affidavits or any evidence. For that reason alone, Defendants' motion to stay should be denied. *Cf. United States ex rel. Robinson v. Ind. Univ. Health Inc.,* No. 1:13-cv-02009-TWP-MJD, 2015 U.S. Dist. LEXIS 84642, at *14 (S.D. Ind. June 30, 2015) ("Defendants may naturally speculate that the number of births or the time required to compile the information would be extensive, but such speculation from Defendants' counsel—without any sort of substantiation—does not establish good cause for staying discovery.").

In addition to that evidentiary deficiency, Defendants' request for a stay fails on the merits: Defendants' proposed stay will only cause delay. Defendants concede that their motion for judgment on the pleadings "limit[s]," but does not eliminate, Design Basics's claims for copyright infringement. (Defs.' Mot. to Stay, ¶ 3.) Because Design Basics has claims for copyright infringement that will proceed forward regardless of what happens with Defendants' motion, it makes no sense to halt discovery entirely while the parties wait for an outcome on an issue that only effects some of the claims in this case. *See Red Barn Motors*, 2016 U.S. Dist. LEXIS 57876, at *6.

Moreover, even if (as Defendants seek in their motion for judgment on the pleadings), Design Basics's *claims* are limited to infringements occurring during the

3

three years leading up to filing of the complaint, *discovery* would not be so limited. As the Southern District of Indiana pointed out in a recent decision deciding similar issues,

> even if a strict three-year look back period applied to determine the infringements for which the plaintiff could recover damages, it does not follow that *discovery* or even the scope of evidence to be presented at trial would be limited to that three-year period. Other issues, such as proof of [Defendant's] access to Design Basics's architectural plans or alleged willfulness, may call for the production of information for periods predating a three-year look back period. It also may be possible for [Defendant] to rebut any willfulness charge or other damages relief by demonstrating Design Basics's failure to act when it had knowledge or suspicions of alleged infringements—the same kind of evidence also relevant to a discovery rule. In short, [Defendant] has not convinced the court of the likelihood of substantial savings in discovery costs by an early summary judgment motion. . . . [E]fficient case management will not generally permit all other case activity, including discovery, to be halted while an 'early summary judgment motion' is under consideration. [Defendant] has failed to convince the court of good cause for deviating from its usual rules. *Design Basics, LLC v. T.K. Constructors, Inc.*, No. 1:16-cv-01841-SEB-DML, at 3–4 (S.D. Ind. Oct. 19, 2016).

The same is true here: correspondence occurring before the three-year look-back period is relevant to whether Defendants had access to Design Basics's plans, and the extent of infringements occurring before this three-year window is relevant to whether Defendants actions were willful and support an award of attorneys' fees.

Additionally, discovery outside of the three-year lookback proposed by Defendants will also likely lead to admissible evidence that Design Basics will use to challenge the numerous affirmative defenses Defendants have asserted in this case, including:

> 2. Plaintiff's claims are barred by the statute of limitations to the extent the alleged acts first occurred more than three years prior to the filing date of the Complaint, or, alternatively, to the extent those alleged acts were or should have been discovered more than three years prior to the filing date of the Complaint.
>
> . . . .

7. If there was any use of the supposed Copyrighted Works it was a fair use.
. . . .

11. Each of the accused designs, and the houses built according to those designs constitutes a work of independent creation by [a party other than Plaintif.

15. If there was any use of Plaintiff's works by [Defendants], such use was *de minimus*.

Of particular note is Defendants' Affirmative Defense No. 11, which alleges that Defendants independently created the copyrighted works. Discovery will have to stretch far back in time to prove—or disprove—that defense.

So regardless of its outcome, Defendants' motion for judgment on the pleadings on the limitations issue will not substantially limit the discovery needed in this case. A stay of discovery thus will not serve judicial economy but will only delay resolution of this case. Accordingly, because Defendants have not shown good cause for their proposed discovery stay, their motion to stay discovery should be denied.

## Conclusion

Defendants have not provided good cause for staying discovery pending a decision on Defendants' motion for partial judgment on the pleadings, which is not dispositive of this case and will not limit the discovery necessary for the parties to prove their claims and defenses.  Therefore, the Court should deny Defendants' motion.

5

Respectfully submitted:


/s/ Sean J. Quinn
John D. LaDue (190039-71)
Sean J. Quinn (29441-71)
LaDue | Curran | Kuehn
205 W. Jefferson Blvd., Suite 200
South Bend, IN 46601

*Attorneys for Plaintiff*


## Certificate of Service

I certify that I served this document on all attorneys of record using the Court's

electronic CM/ECF filing service on the date stated on the CM/ECF date stamp.


/s/ Sean J. Quinn
Sean J. Quinn (29441-71)

6