IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | § § | |
| Plaintiff, | § § | Case No.: 1:16-cv-000049-JVB-SLC |
| vs. | § § | |
| CULVER CONSTRUCTION, INC., et al., | § § § | |
| Defendants. | § | |

### Response Opposing Defendants'
### Motion for Partial Judgment on the Pleadings

## Introduction

Defendants seek partial judgment on the pleadings based on an argument that no other court in the nation has ever accepted. Defendants claim that the Supreme Court's decision in *Petrella v. MGM* abrogates the Seventh Circuit's discovery rule for when claims for copyright infringement accrue. Although the Seventh Circuit has not directly addressed this argument, based on plaintiff's counsel's research, every federal court that has confronted it has continued to apply the discovery rule.

Thus, until the Seventh Circuit says otherwise, this Court should continue to apply the discovery rule, which is the law in the Seventh Circuit. Accordingly, Defendants' motion for partial judgment on the pleadings should be denied.

### A.   The Discovery Rule is the law in the Seventh Circuit.

Defendants are asking for a change in the law. Seventh Circuit precedent on this question is clear, and has been settled for a while: the discovery rule applies to claims of copyright infringement. *See, e.g.*, *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) ("Our circuit recognizes a discovery rule in copyright cases . . . ."); *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004); *Taylor v. Meirick*, 712 F.2d 1112, 1117 (7th Cir. 1983). The Seventh Circuit's position is shared by nine other federal courts of appeal and the "overwhelming majority of courts." *Petrella v. MGM*, 134 S. Ct. 1962, 1969 n.4 (2014).

Neither of the Seventh Circuit decisions that Defendants cite alters this almost universally held, well-established rule. In fact, both cases undercut Defendants' argument that the discovery rule has been abrogated. In *Chicago Building Design, P.C. v. Mongolian House, Inc.*, the Seventh Circuit expressly reaffirmed the discovery rule—and also expressly stated that it was giving "no opinion" on the question that Defendants raise in their motion. 770 F.3d 610, 618 (7th Cir. 2014). And in *Consumer Health Info. Corp. v. Amylin Pharms., Inc.*, the Seventh Circuit applied the discovery rule; it stated that a claim over copyright ownership accrues "when the claimant *has notice* that his claim of ownership is repudiated or contested." 819 F.3d 992, 997 (7th Cir. 2015) (emphasis added). Because, in that case, the plaintiff had such notice the moment it signed a contract assigning its ownership of its copyright to the defendant, the three-year statute of limitations barred a suit filed seven years later. *Id.*

So while there are many Seventh Circuit cases applying the discovery rule to copyright infringement cases, Defendants cannot point to a single Seventh Circuit case holding otherwise. By claiming that the discovery rule does not apply, Defendants are thus asking for this Court to change Seventh Circuit precedent. This Court should decline that invitation. *See, e.g., Frerck v. Pearson Educ., Inc.*, 63 F. Supp. 3d 882, 887 (N.D. Ill. 2014) ("Since the [Seventh Circuit] did not take up this issue—and I am bound to follow Seventh Circuit precedent—I will continue to apply the discovery rule."). Defendants are of course free to ask the Seventh Circuit to jettison the discovery rule during an appeal taken after the conclusion of this case. But Defendants' request to change the law should be addressed to the Seventh Circuit, not this Court. Accordingly, Defendants' motion for partial judgment on the pleadings should be denied.

### B.    *Petrella* did not change the law on the discovery rule.

Defendants' substantive argument is also wrong—the Supreme Court's decision in *Petrella* didn't alter the discovery rule for copyright cases. The discovery rule wasn't even at play in *Petrella*. The issue the Supreme Court considered in *Petrella* was whether an equitable doctrine (laches) could bar a legal claim arising within the statute-of-limitations period. 134 S. Ct. 1962, 1967 (2014); *see id.* at 1973 ("[T]his Court has cautioned against invoking laches to bar legal relief."). That issue has nothing to do with the discovery rule. And there was no need for the Supreme Court to analyze whether the discovery rule applied because it was undisputed that the

plaintiff had actual knowledge of defendants' infringement more than nine years before she brought suit. *Id.* at 1971. Recognizing that, the Supreme Court took pains to make clear that it was not addressing the discovery rule in its opinion, stating that it "had not passed on the question." *Id.* at 1969 n.4.[1]

*Petrella* thus does not help answer the question of whether the discovery rule applies to claims of copyright infringement. That question turns on the proper interpretation of the Copyright Act's statute of limitations (17 U.S.C. § 507(b)) and its use of the term "accrued." *See, e.g.*, *William A. Graham Co. v. Haughey*, 568 F.3d 425, 435 (3d Cir. 2009) (determining that the "text and structure of the Copyright Act" embodied the discovery rule). As mentioned by the Supreme Court in *Petrella*, nine federal circuit courts of appeals have already performed that substantive analysis and concluded that the discovery rule applies. *Petrella*, 134 S.Ct. at 1969 n.4. In their motion, however, Defendants make no arguments as to why the

---

[1] Although claiming to vindicate the clear language of the Supreme Court's decision in *Petrella*, Defendants almost entirely ignore the Supreme Court's unambiguous statement in *Petrella* that it "had not passed on the question" of whether the discovery rule applies. Design Basics, believes, however, that the Supreme Court should be taken at its word. As shown by the many cases Design Basics cites below, that's exactly what every other court to confront the issue Defendants have raised has done.

Design Basics of course agrees with Defendants that all *considered* dicta from the Supreme Court should be respected. But the Supreme Court went out of its way to let the world know that it was not considering the very issue on which Defendants now claim Supreme Court dicta controls. As such, there's no analysis of the discovery rule by the Supreme Court on which this Court may rely to conclude that the Seventh Circuit's continued adherence to the discovery rule in copyright cases is no longer tenable. *Cf. Reich v. Continental Casualty Co.*, 33 F.3d 754, 757 (7th Cir. 1993) (describing *considered* dictum as "dictum that considers all the relevant considerations and adumbrates an unmistakable conclusion").

substantive analysis performed by those courts of appeals is wrong; they have thus waived that issue. *See, e.g., Gillo v. Gary Cmty. Sch. Corp.*, 2:14-CV-99-JVB-JEM, 2016 U.S. Dist. LEXIS 118904, *13-14 (N.D. Ind. Sept. 2, 2016) ("Arguments not developed in any meaningful way are waived.").

Nevertheless, it's worth noting that, while the Supreme Court hasn't addressed the Copyright Act specifically, the Supreme Court has interpreted "accrued" in federal statutes to encompass the discovery rule. *See, e.g., Urie v. Thompson*, 337 U.S. 163, 169–170 (1949) (FELA); *see also United States v. Kubrick*, 444 U.S. 111, 113 (1979) (FTCA); *see generally Rotella v. Wood*, 528 U.S. 549, 555 (2000) ("Federal courts, to be sure, generally apply a discovery accrual rule when a statute is silent on the issue, as civil RICO is here."). So it is certainly the case that the Supreme Court, if it ever confronts the issue, would not be breaking new ground if it determined, consistent with the "overwhelming majority of courts," that the use of the term "accrued" in the copyright act encompasses a discovery rule. *Petrella*, 134 S. Ct. at 1969 n.4.

But for now, the Supreme Court has not confronted the issue. Because the Supreme Court's decision in *Petrella* has nothing to say about the discovery rule, this Court should not rely upon *Petrella* as a reason to stray from clear Seventh Circuit precedent holding that the discovery rule applies to cases alleging copyright infringement. Defendants' motion for partial judgment on the pleadings should be denied.

### C. All federal courts to confront this issue after *Petrella* have upheld the discovery rule.

The post-*Petrella* federal caselaw further confirms the fact that the Supreme Court's decision in *Petrella* did not abrogate the discovery rule for copyright-infringement suits. In its motion, Defendants state that "[n]o circuit court appears to have applied the discovery rule to a copyright infringement case following the Supreme Court's decision in *Petrella*." (Doc. 33 at p. 10.) But that's not true; there is at least one such court. *Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259, 262 (5th Cir. 2014). In *Aspen Tech*, the Appellant raised *Petrella* as a reason not to apply the discovery rule. *See* Document No. 00512640087, Docket No. 12-20388 (5th Cir.) (May 22, 2014 filing). Nevertheless, the Fifth Circuit reaffirmed that the copyright limitations period "does not begin to run until a plaintiff knew or should have known that it was wrongfully injured." *Aspen Tech.*, 569 Fed. Appx. at 264 n.9; *see also Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 (5th Cir. 2014) (holding, post-*Petrella*, that the discovery rule is the proper inquiry in copyright-infringement cases).

Although the Seventh Circuit has yet to address *Petrella*'s impact on its jurisprudence, all the district courts in the Seventh Circuit to address the issue after *Petrella* have continued to apply the discovery rule to copyright claims. *See, e.g., Design Basics LLC v. Campbellsport Bldg. Supply Inc.*, 99 F. Supp. 3d 899, 919 (E.D. Wis. 2015) ("Given the controlling case law of the Seventh Circuit Court of Appeals [on the discovery rule] which is in accord with that of eight other courts of appeals,

the Court declines the Defendants' invitation to delve into statutory interpretation.").[2] One judge in the Southern District of Indiana found that this issue didn't even merit an early motion for summary judgment. *See Design Basics, LLC v. T.K. Constructors Inc.*, No. 1:16-cv-01841-SEB-DML (S.D. Ind. Oct. 19, 2016) (Doc. 29) (denying Defendant's motion for leave to file a summary-judgment motion on this issue and stating that "for years, many courts, including the Seventh Circuit, have held that a discovery rule affects the accrual of a claim"). And all other district courts outside the Seventh Circuit that have addressed this issue continue to apply the discovery rule. *See, e.g., Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc.*, 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014) ("While the language related to the statute of limitations is suggestive, this Court does not find that *Petrella* overruled the Third Circuit discovery rule.").[3]

---

[2] *See also Panoramic Stock Images, Ltd. v. McGraw-Hill Global Educ. Holdings, LLC*, Case No. 12 C 9881, 2014 U.S. Dist. LEXIS 164809, 2014 WL 6685454, at *3 (N.D. Ill. Nov. 25, 2014) (citing *Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*, Case No. 12-cv-10003, 2014 U.S. Dist. LEXIS 121663, 2014 WL 4344095, at *7 (N.D. Ill. Sept. 2, 2014) (holding that *Petrella* did not abrogate this circuit's discovery rule)); *Frerck*, 63 F. Supp. 3d at 887 n.3 (same); *Beasley v. John Wiley & Sons, Inc.*, 56 F. Supp. 3d 937, 945 n.5 (N.D. Ill. 2014) (same); *Frerck v. John Wiley & Sons, Inc.*, No. 11-cv-2727, 2014 U.S. Dist. LEXIS 95099, 2014 WL 3512991, at *6 n.5 (N.D. Ill. July 14, 2014) (same)), opinion clarified, 2015 U.S. Dist. LEXIS 9520, 2015 WL 393381 (N.D. Ill. Jan. 27, 2015); *Seide v. Level-(1) Glob. Sols., LLC*, No. 16 C 2975, 2016 WL 4206076, at *3 (N.D. Ill. Aug. 10, 2016).

[3] *See also Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*, No. CV H-14-1903, 2016 WL 1203763, at *4 n.24 (S.D. Tex. Mar. 22, 2016) ("This court is bound by Fifth Circuit precedent and does not conclude that *Petrella* abrogated circuit law on the discovery rule in this context."); *Design Basics, L.L.C. v. Carhart Lumber Co.*, No. 8:13CV125, 2016 WL 424974, at *3 (D. Neb. Feb. 3, 2016) ("I decline to deviate from the past practice in this circuit, which is to apply the discovery rule

Given the uniformity in the post-*Petrella* caselaw finding no effect on the discovery rule, this Court would be a considerable outlier if it accepted Defendants' argument that *Petrella* has abrogated the discovery rule. Accordingly, Defendants' motion for partial judgment on the pleadings should be denied.

## Conclusion

*Petrella* does not change the Seventh Circuit's clear precedent applying the discovery rule to copyright infringement cases. Therefore, the Court should deny Defendants' motion.

---

in copyright-infringement cases."); *Yue v. MSC Software Corp.*, No. 15-CV-05526-PJH, 2016 WL 3913001, at *1 (N.D. Cal. July 20, 2016); *Wu v. John Wiley & Sons, Inc.*, 14 Civ. 6746, 2015 U.S. Dist. LEXIS 120707, *11 n.4 (S.D.N.Y. Sept. 10, 2015); *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 357 (S.D.N.Y. 2014); *Oracle USA, Inc. v. Rimini St., Inc.,* No. 2:10-CV-00106-LRH, 2015 U.S. Dist. LEXIS 113772, 2015 WL 5089779, at *6 (D. Nev. Aug. 27, 2015) ("[T]he Supreme Court in *Petrella* expressly declined to reject the discovery rule. As such, the discovery rule is still controlling precedent in this action and the court shall deny defendants' motion as to this issue.").

Respectfully submitted:


/s/ Sean J. Quinn
John D. LaDue (190039-71)
Sean J. Quinn (29441-71)
LaDue | Curran | Kuehn
100 East Wayne Street, Suite 300
South Bend, IN 46601

*Attorneys for Plaintiff*


## Certificate of Service

I certify that I served this document on all attorneys of record using the Court's

electronic CM/ECF filing service on the date stated on the CM/ECF date stamp.


/s/ Sean J. Quinn
Sean J. Quinn (29441-71)

9