**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CULVER CONSTRUCTION, INC., | ) | Case No. 1:16-cv-00049-JVB-SLC |
| CULVER DEVELOPMENT | ) | |
| CORPORATION, WES CULVER | ) | |
| REALTY, LLC, and NEW PARIS | ) | |
| DEVELOPMENT COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**Defendants' Reply Brief in Support of Motion to Stay Discovery Pending Determination of
Motion for Judgment on the Pleadings**

The parties' positions on the pending Motion to Stay Discovery Pending Determination of

Motion for Judgment on the Pleadings can be summarized in one straightforward issue:

1. **Motion to Stay.** Under Seventh Circuit precedent, a motion to stay discovery may be granted where it will help streamline discovery and expedite litigation. Here, Defendants believe the limitations look-back period is three years from the complaint filing date. Plaintiff alleges infringement spanning more than twenty-five years and requests discovery documents from January 1, 2000. If this Court determines that a three-year look-back period applies, will granting the motion to stay have expedited litigation and streamlined discovery?

Plaintiff contends a stay will serve to delay the proceedings. All of the positions taken by

Plaintiff in its Response — including its "good cause" argument and the proposition that documents

outside of a three-year period may nonetheless be discoverable — relate to the issue of whether

staying discovery will streamline the proceedings.

Plaintiff's contention is incorrect. Although Defendants' Motion for Judgment on the

Pleadings may not be dispositive of the entire case, if granted, it will streamline discovery and

expedite proceedings by limiting the period of relevant conduct, documents, and information.

Specifically, if granted, Defendant's Motion for Judgment on the Pleadings will obviate the need for Defendants to produce, among other things, the following categories of information:

- Years of financial information, including invoices and amounts paid to contractors and subcontractors, for builds occurring outside the three-year look-back period;

- Information about plans only published or built outside of the look-back period; and

- Information about web practices, website changes, or website content outside of the look-back period.

The breadth of materials contained in each of the above categories exponentially increases when expanded beyond the three-year look-back period.  It should be undisputed that, if the Motion for Judgment on the Pleadings is granted, all time and costs spent searching for information in these and other affected categories outside of the look-back period will have been unnecessary.

Plaintiff contends that Defendants will have to reach back beyond the look-back period in any event to prove its affirmative defense that the accused works were independent creations. Defendants do not dispute that some information beyond the three-year look-back period may be discoverable to the extent it relates to plans that were built within the three-year look-back period. But, Defendants conclude that the same historical information should not be discoverable for plans that were not built within the three-year look-back period.  For example, information regarding whether a plan was an independent creation is only relevant if the plan was built during the three-year look-back period.  Defendants note that the three alleged infringing plans identified in the Complaint were not built during the three-year look-back period. Accordingly, the limited information appropriately sought prior to the look-back period does not justify permitting unfettered discovery at this time.  Good cause therefore exists, and the Court should grant a stay of discovery pending determination of Defendants' Motion for Judgment on the Pleadings.

2

Absent a stay of discovery, Defendants anticipate Plaintiff will file a motion to compel responses seeking years' worth of conduct that, if Defendants are correct, is not relevant to any claim Plaintiff is entitled to pursue.  Defendants' Motion to Stay will enable the parties to avoid needless and burdensome discovery stretching far beyond the look-back period, and will save the Court time and avoid delays associated with unnecessary motion practice.  Thus, briefly staying discovery pending determination of Defendants' Motion for Judgment on the Pleadings will substantially streamline this proceeding and render it more efficient.  Achieving this kind of efficiency constitutes "good cause."

### Conclusion

The burden and expense of engaging in discovery that covers alleged infringing acts spanning more than a twenty-five year period far exceeds the burden and expense of engaging in discovery that covers alleged infringing acts over the three-year look-back period.  This is not speculation, but is unmistakable.

Respectfully submitted,

YODER, AINLAY, ULMER & BUCKINGHAM, LLP

By:  /s/  Steven J. Olsen

Steven J. Olsen #29415-20
Michael F. DeBoni #12434-20
130 N. Main Street, P.O. Box 575
Goshen, Indiana 46527-0575
Telephone:  (574) 533-1171
Fax: (574) 534-4174
Email:  solsen@yaub.com
          mdeboni@yaub.com
*Attorneys for Defendants, Culver Construction, Inc., Culver Development Corporation, New Paris Development Company, LLC, and Wes Culver Realty, LLC*

BARRETT McNAGNY LLP

By: __/s/ Jeremy N. Gayed_____

Jeremy N. Gayed, #27551-35
William A. Ramsey, #26547-53
Jerod A. Adler, #31201-53
215 East Berry Street, P.O. Box 2263
Fort Wayne, IN 46801-2263
Phone: (260) 423-9551
Fax: (260) 423-8920
E-Mail: jng@barrettlaw.com
        war@barrettlaw.com
        jaa@barrettlaw.com

*Attorneys for Defendants, Culver Construction, Inc. and*
*Culver Development Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John D. LaDue
Sean Joseph Quinn
LaDue Curran & Kuehn LLC
200 First Bank Building
205 W Jefferson Blvd
South Bend, IN 46601


_____/s/ Steven J. Olsen_____
Steven J. Olsen #29415-20

4