**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cv-00049-JVB-SLC |
| | ) | |
| CULVER CONSTRUCTION, INC., | ) | |
| CULVER DEVELOPMENT | ) | |
| CORPORATION, WES CULVER | ) | |
| REALTY, LLC, and NEW PARIS | ) | |
| DEVELOPMENT COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS**

**I.    Issue Statement.**

The parties' positions on the pending Motion for Partial Judgment on the Pleadings can be

summarized in one straightforward issue:

    **1.**    **Statute of Limitations.**  Under United States Supreme Court precedent, "an [act of copyright] infringement is actionable within three years, and only three years, of its occurrence."[1] This determination is a part of the Supreme Court's rationale, and holding, in *Petrella*. Plaintiff requests this Court ignore the Supreme Court's rationale and holding in *Petrella,* finding that a discovery accrual period applies. Should this Court follow the Supreme Court's rationale and holding and strictly apply a three-year look-back period?

**II.    Introduction.**

The Plaintiff contends that, even after the Supreme Court's decision in *Petrella*, the discovery

rule should still be applied within the Seventh Circuit for copyright infringement cases. In so doing,

Plaintiff ignores entirely the Seventh Circuit's explicit reservations about the continuing viability of

the discovery rule in light of *Petrella*, which makes clear that copyright actions accrue at the time of

---

[1] *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014).

the supposed infringement, and not at the time of its discovery. *Petrella*, and the Seventh Circuit's reflection on it, make clear that all supposed infringements occurring more than three years prior to the filing date of the Complaint are time-barred and should be dismissed.

### III.    The Supreme Court Has Clarified that Copyright Claims are Subject to a Three-Year Look-Back Period.

"[I]t is undisputed [that Section 507(b)] bars relief of any kind for conduct occurring prior to the three-year limitations period."[2]   On this, the parties agree.   In *Petrella*, the Supreme Court clarified § 507(b) and specified that copyright claims accrue for limitations purposes "when an infringing act occurs."[3] The Supreme Court also clarified that the "separate-accrual rule attends the copyright statute of limitations . . . [such that] when a defendant commits successive violations, the statute of limitations runs separately from each violation."[4] "[E]ach infringing act starts a new limitations period . . . [and] an infringement is actionable within three years, and only three years, of its occurrence."[5] "Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), but untimely with respect to prior acts of the same or similar kind."[6]

Plaintiff contends that these statements by the United States Supreme Court are dicta and do not help answer the question of whether a three-year look-back period, or a discovery rule, applies to claims of copyright infringement.  Plaintiff is mistaken about the nature of the statements and the weight this Court should afford them.  This language provides the Supreme Court's rationale for declining to apply the doctrine of laches when the accrual date of the supposed infringement is

---

[2] *Id.* at 1967.
[3] *Id.* at 1969 ("Each time an infringing work is reproduced or distributed, the infringer commits a new wrong," and each wrong constitutes a 'claim' that 'accrues' when the wrong occurs.").
[4] *Id.*
[5] *Id.*
[6] *Id.* at 1970.

within the express three-year statute of limitations period.  As part of the rationale of the decision, these statements are part of the Supreme Court's holding.[7]  And even if *Petrella's* statements about the accrual of copyright infringement claims were dicta, they are nonetheless entitled to great deference.[8]

> The Seventh Circuit has noted that:

> In areas of profound uncertainty, such as whether [the Copyright Act's statute of limitations is subject to the discovery rule], federal law is for all practical purposes what the Supreme Court says it is. When the Court's view is embodied in a holding, the Court's reluctance to overrule its precedents enables a confident prediction that that holding is "the law." When the view is embodied in a dictum, prediction cannot be made with the same confidence. But where it is a recent dictum that considers all the relevant considerations and adumbrates an unmistakable conclusion, *it would be reckless to think the Court likely to adopt a contrary view in the near future. In such a case the dictum provides the best, though not an infallible, guide to what the law is, and it will ordinarily be the duty of a lower court to be guided by it.*[9]

For this very reason, the Seventh Circuit, spurred by *Petrella*, has twice gone out of its way to note *sua sponte* that the discovery rule may no longer apply to copyright infringement actions.[10]  The Seventh Circuit noted, "in light of *Petrella*, we now know that the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed[.]"[11] The Seventh Circuit only reserved decision on "whether *Petrella* abrogated the discovery rule in copyright cases [because] . . . [t]he parties [had] not briefed it . . . ."[12]

---

[7] *E.g. In re Swanson*, 289 B.R. 372, 374–75 (Bankr. C.D. Ill. 2003) (citing *U.S. v. Bloom*, 149 F.3d 649, 653 (7th Cir. 1998)) ("Statements that explain the court's rationale are part of its holding.").

[8] *See, e.g., Bembenek v. Donohoo*, 355 F. Supp. 2d 942, 950 (E.D. Wis. 2005) (citing *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 19 (1st Cir. 1991); *United States v. Yuginovich*, 256 U.S. 450, 463 (1921)) ("I am bound by the considered dicta of the Supreme Court, and to the extent that Supreme Court cases contain conflicting dicta, a later dictum supersedes an earlier one just as a later statute supersedes an earlier one.").

[9] *Reich v. Cont'l Cas. Co.*, 33 F.3d 754, 757 (7th Cir. 1994) (emphasis added).

[10] *See Chicago Building Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610 (7th Cir. 2014); *Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 819 F.3d 992 (7th Cir. 2016), *petition for cert. pending.*

[11] *Chicago Building Design,* 770 F.3d at 616, 618.

[12] *Id.*

Moreover, in *Consumer Health*, the Seventh Circuit carefully distinguished between disputes over copyright ownership and disputes over copyright infringement in reaching the conclusion that *Petrella* did not apply to copyright ownership disputes—and, **because Petrella did not apply**, the discovery rule of accrual did apply to questions of copyright ownership.[13] The Seventh Circuit, tellingly, paraphrased the rule of accrual for copyright ***infringement*** claims in non-discovery rule terms, observing that "any infringing act **within the three-year look-back period from the date of the complaint** can form the basis of an infringement claim."[14]

Plaintiff asks this Court to ignore *Petrella* and the Seventh Circuit's reaction to it.  This Court should decline this invitation.  Instead, this Court should consider both *Petrella* and the Seventh Circuit's explicit reservations and find that the discovery rule does not apply to copyright infringement claims.

## IV.    Plaintiff's Cited Cases are Inapposite

Plaintiff supports its argument by citing to a number of non-binding district court decisions in which courts have concluded that until told otherwise, they would continue to apply the discovery rule.  Plaintiff also cites two Fifth Circuit decisions.  Plaintiff relies particularly on *Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259 (5th Cir. 2014).  *Aspen Tech.*, however, did not cite to *Petrella* at all, and did not mention or consider the effect of *Petrella* on the proper application of the copyright statute of limitations.  The Court in *Aspen Tech.* also treated copyright infringement and copyright misappropriation interchangeably—a form of analysis the Seventh Circuit rejected with its careful distinction between infringement and ownership in *Consumer Health*.[15]  *Aspen Tech.* is thus not instructive about the impact of *Petrella* on the discovery rule in copyright infringement cases.

---

[13] *Consumer Health*, 819 F.3d at 996.
[14] *Id.*
[15] *See Aspen Tech,* 569 F. App'x at 263-64 and n.9; *Consumer Health*, 819 F.3d at 996.

The same analytical flaws are present in Plaintiff's cited case *Graper v. Mid-Continent Cas. Co.,* 756 F.3d 388 (5th Cir. 2014).  While Plaintiff cites *Graper* for the proposition that the Fifth Circuit has continued to apply the discovery rule to copyright infringement cases after *Petrella*, *Graper*, like *Aspen Tech.*, fails to consider *Petrella* or its effects.[16] Contrary to the Fifth Circuit, the Seventh Circuit seeks to analyze *Petrella's* impact on the discovery rule. In *Chicago Building*, the Seventh Circuit—*sua sponte*—invited briefing on whether *Petrella* has abrogated the discovery rule in copyright cases.[17] Defendants have not identified any circuit court that has considered and analyzed *Petrella* and found that the discovery rule applies to § 507(b).  This Court should find that it does not.

**V.      The Structure and Text of Section 507(B) Support Application of the Injury Rule, Not the Discovery Rule.**

Plaintiff last contends that the discovery rule should apply, in essence by default.[18] This contention is incorrect.  As the Supreme Court explained, any "presumption" that the discovery rule should apply to accrual of a federal statute of limitations has been "conspicuously overstated in its scope and force."[19]

> We have also observed that lower federal courts 'generally apply a discovery accrual rule when a statute is silent on the issue' . . . . But we have not adopted that position as our own. And, beyond doubt, we have never endorsed the Ninth Circuit's view that Congress can convey its refusal to adopt a discovery rule only by explicit command, rather than by implication from the structure or text of the particular statute.[20]

The "structure or text" of 17 U.S.C. § 507(b) supports application of the injury rule, and not the discovery rule.  Section 507(b) states that a copyright infringement claim must be brought "within three years after the claim accrued."  The legislative history of § 507(b) demonstrates that

---

[16] Graber did not even consider expressly whether application of the discovery rule was proper in copyright cases, but rather only whether the adjudication of a discovery-based accrual date in an underlying lawsuit created a disqualifying conflict of interest in a breach of contract and declaratory judgment action.

[17] *Chicago Building Design,* 770 F.3d at 616, 618.

[18] (Pls. Opp. Br. at 5-6).

[19] *TRW v. Andrews,* 534 U.S. 19, 27 (2001)

[20] *Id.* at 27–28.

this language was intended to mean that a copyright infringement claim accrues at the moment of an

infringement, not at the moment of its discovery by the copyright owner:

> In 1955, Congress . . . held hearings on a bill to enact a civil statute of limitations, the culmination of which was the adoption of what today is Section 507(b). The hearings, as well as the reports of committees of both houses of Congress, are instructive as to Congress' intent on the issue of accrual.
>
> . . .
>
> "All of [the] witnesses [at the hearings before the House Judiciary Committee on an identical bill in the 84th Congress] agreed to a 3–year uniform period, feeling that this represents the best balance attainable to this type of action. It was pointed out that due to the nature of publication of works of art that generally the person injured receives reasonably prompt notice or can easily ascertain any infringement of his rights. The committee agrees that 3 years is an appropriate period for a uniform statute of limitations for civil copyright actions and that it would provide an adequate opportunity for the injured party to commence his action."
>
> From this statement, two things are clear.
>
> First, the goal of a uniform three year limitations period was to remove the uncertainty concerning timeliness that had plagued the copyright bar. Given that the goal was a *fixed* statute of limitations, it seems unlikely that Congress intended that accrual of an infringement claim—and hence the length of the interval between an infringement and the statutory time bar—would depend on something as indefinite as when the copyright owner learned of the infringement.
>
> A second inference can be drawn from the Senate Report's express reliance on the record developed at the hearings: Congress, as well as participants in the hearings, intended the three-year period to begin at the date of infringement. At the hearings, it was pointed out that "copyright infringement by its very nature is not a secretive matter." To the contrary, it is "an act which normally involves the general publication of the work or its public performance." The public nature of infringement was an important consideration to Congress in drafting the language of the statute. The Senate Report makes clear that the relevant Senate committee regarded a three-year period as sufficient to provide an "adequate opportunity" for the owner to commence his case precisely because copyright owners generally receive "reasonably prompt notice" of infringement.
>
> . . .
>
> For example, in response to a question by Representative Willis concerning his experience under the prior state law, a spokesman for the motion picture industry responded that the time during which an infringer would be subject to suit depended entirely on the state and the date of the infringement. He stated, "if I, as an infringer, were living in the state of California and I committed an infringement in California I

6

would be subject to suit at any time within two years. At the end of the two years I could not be sued." Thus, it was the infringement date and not the date the copyright owner became aware of the infringement that governed accrual of the cause of action. Even stronger support can be found from a letter included in the Hearings which argued that "[t]here would seem to be no reason why three years *from infringement* would not be a sufficient period to permit the institution of legitimate suits."

The conclusion that Congress intended infringement claims to accrue upon infringement rather than upon discovery is supported also by its consideration of statutory exceptions for fraudulent concealment and other equitable doctrines ameliorating the statute of limitations. The question whether to enact such exceptions, particularly an exception for fraudulent concealment, was a substantial focus of the hearings. Had those involved in the hearings thought that a discovery rule would govern accrual of an infringement claim, however, a statutory exception for fraudulent concealment would have been entirely superfluous. In other words, if an infringement claim would not accrue until the copyright holder knew of the infringement, the question whether the holder's ignorance was attributable to simple ignorance or concealment would have been immaterial.[21]

Although the Second Circuit later adopted the discovery rule in copyright infringement claims, it did not question, disagree with, or even address *Auscape's* close and careful analysis of the text and legislative history of § 507(b).[22]  In light of *Petrella,* and the Seventh Circuit's *sua sponte*, twice-repeated, reservations on application of the discovery rule in copyright infringement cases post-*Petrella*, the analysis of § 507(b) found in *Auscape* is relevant, timely, and useful.  And that analysis demonstrates that the injury rule, and not the discovery rule, should apply to Plaintiff's claims.

**VI.    Conclusion.**

Judgment on the pleadings is appropriate, pursuant to Federal Rule of Civil Procedure 12(c), where it is clear from the face of the complaint that, under no circumstances, could relief be granted. Section 507(b) establishes a strict three-year look-back period such that "an infringement is

---

[21] *Auscape Int'l v. Nat'l Geographic Soc'y,* 409 F.Supp.2d 235, 244-47 (S.D.N.Y.2004) (citations and quotations omitted), *abrogated on other grounds by Psihoyos v. John Wiley & Sons, Inc.* 748 F.3d 120, 124 (2d Cir. 2014).
[22] *Psihoyos v. John Wiley & Sons, Inc.* 748 F.3d 120, 124 (2d Cir. 2014).

actionable within three years, and only three years, of its occurrence."[23] This Court should follow the

Supreme Court's express and purposeful language, and grant partial judgment on the pleadings in

favor of Defendants for all allegedly infringing conduct occurring on or before February 3, 2013.

Respectfully submitted,

YODER, AINLAY, ULMER & BUCKINGHAM, LLP

By: _/s/  Steven J. Olsen_____

Steven J. Olsen #29415-20
Michael F. DeBoni #12434-20
130 N. Main Street, P.O. Box 575
Goshen, Indiana 46527-0575
Telephone:  (574) 533-1171
Fax: (574) 534-4174
Email:  solsen@yaub.com
        mdeboni@yaub.com
*Attorneys for Defendants, Culver Construction, Inc., Culver Development Corporation, New Paris Development Company, LLC, and Wes Culver Realty, LLC*

BARRETT McNAGNY LLP

By: _/s/ Jeremy N. Gayed_____

Jeremy N. Gayed, #27551-35
William A. Ramsey, #26547-53
Jerod A. Adler, #31201-53
215 East Berry Street, P.O. Box 2263
Fort Wayne, IN 46801-2263
Phone: (260) 423-9551
Fax: (260) 423-8920
E-Mail: jng@barrettlaw.com
        war@barrettlaw.com
        jaa@barrettlaw.com

*Attorneys for Defendants, Culver Construction, Inc. and Culver Development Corporation*

---

[23] *Petrella*, 134 S. Ct. at 1969.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 28, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John D. LaDue
Sean Joseph Quinn
LaDue Curran & Kuehn LLC
200 First Bank Building
205 W Jefferson Blvd
South Bend, IN 46601


_____/s/ Steven J. Olsen_____
Steven J. Olsen #29415-20